Sucesión de Simplicio Nazario, demandante y apelante, *v.* Comisión de Indemnizaciones a Obreros de Puerto Rico, demandada y apelada.

No. 4394.—*Sometido:* Abril 25, 1928. *Resuelto:* Abril 26, 1929.

494

*López de Tord & Zayas Pizarro,* abogados de la apelante; *Hon. Attorney General James R. Beverly,* y *J. A. López Acosta* y *Emilio de Aldrey, Sub-Procuradores,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

██ El artículo 2 de la Ley de Indemnizaciones a Obreros, tal como fué enmendada en el año 1921, Leyes de ese año, página 473, dispone, entre otras cosas, que dicha ley "será aplicable a un patrono que emplee a cualquier obrero o empleado cuyo jornal no excediere de mil quinientos ($1,500) dólares anuales, computado por mensualidades."

La Comisión de Indemnizaciones a Obreros denegó una reclamación de indemnización entablada como consecuencia de la muerte de un empleado, fundándose en la teoría de que éste, al tiempo de su muerte, recibía un salario en exceso del límite estatutorio. La corte de distrito estuvo de acuerdo con este criterio y confirmó la decisión de la Comisión.

Simplicio Nazario, el empleado en cuestión, era un agente viajero. En 1920 percibía un sueldo de $25 semanales, de los cuales tenía que pagar los gastos de hotel. Viajaba en un automóvil perteneciente a su patrono, quien sufragaba los gastos de gasolina, llantas nuevas y todo lo demás relacionado con la conservación del automóvil. La política de exigir que los agentes viajeros paguen sus gastos personales de sus propios salarios se seguía con la intención de estimularlos a economizar.

Nazario vivía en Ponce y suministraba a su esposa y fa-

milia diez y ocho o veinte dólares a la semana de su estipendio semanal. A causa del aumento en las tarifas de los hoteles se le hizo imposible atender a sus gastos de viaje con lo que le sobraba. En julio de 1920 trató este asunto con sus superiores, y debido al aumento en los gastos de hotel, se le aumentó el sueldo a treinta dólares semanales. En aquel entonces se le negó un aumento similar por lo menos a otro empleado, por el fundamento de que éste permanecía más tiempo en Ponce, y al salir de la ciudad, sus viajes eran más cortos.

Considerada la prueba en su totalidad, no deja lugar a dudas de que la intención al hacerse el aumento de sueldo fué que éste sirviera como una dieta. La prueba sobre este punto no está contradicha y no fué puesta en duda por el juez sentenciador.

La cuestión dudosa en la corte inferior fué que la partida de treinta dólares a la semana aparece como un sueldo semanal en los libros de la mercantil, sin que haya asiento alguno separado u otra indicación específica de que parte de esa cantidad fuese para cubrir gastos de viaje,—que los testigos hablan uniformemente de un sueldo y de un aumento en el mismo,—y que ciertos casos en que descansan los abogados de la Comisión han resuelto que casa y comida, lavado, el uso de uniformes y tal vez el alquiler de casa están incluidos en la expresión ''sueldo o salario'' al tomarse como base para computar la cantidad de la compensación. Pero hay una marcada diferencia entre estas cosas y los gastos de viaje incurridos en el curso ordinario de los negocios del patrono.

Casa y comida, lavado y alquiler de casa son cosas que forman parte del costo ordinario de la vida cotidiana, peculiarmente personales del empleado. Representan un equivalente en valor monetario recibido por él. No están relacionadas con los negocios del patrono en forma alguna distinta

esencialmente al pago de salarios. Un aumento de sueldo en lugar de cualesquiera de estas cosas, o basado en forma general en el aumento del costo de la vida, mucho menos dejará de ser parte de los sueldos pagados a los empleados. En el caso de un agente viajero a sueldo, que sea casado y tenga hogar y familia, la diferencia entre el costo de vivir en su propia casa y hospedaje en un hotel mientras está viajando representa dinero gastado en el curso ordinario de los negocios de su patrono, por cuenta de éste y para su beneficio, más bien que una compensación por servicios prestados por el agente viajero. El salario es una asignación periódica que se hace como una compensación por servicios prestados o por un trabajo corriente. El reembolso de gastos incurridos por cuenta del patrono, para su beneficio y en el curso ordinario de sus negocios, no es ni salario ni sueldo, según se usan tales palabras al fijarse el límite máximo en la Ley de Indemnizaciones a Obreros. Sostener lo contrario no estaría en armonía con el espíritu y fin de la ley. El mero hecho de que los testigos hablaran del dinero recibido por Nazario como salario y de que las sumas totales pagádasle semanalmente aparecieran en los libros de su patrono como sueldo no puede cambiar la verdadera naturaleza de porción alguna del dinero así pagado y recibido como dieta o como reembolso parcial por gastos de viaje.

Toda la prueba tiende a la conclusión de que el llamado aumento en el salario fué un cálculo muy conservador de los gastos adicionales en que incurriera Nazario mientras estaba ausente de su hogar. En verdad no hay razón alguna para creer que él podía ahorrar de tal aumento lo suficiente para hacer que la remuneración realmente recibida por sus servicios llegara al máximo estatutorio.

La sentencia apelada *debe ser revocada.*

El Juez Asociado Sr. Wolf disintió. Los Jueces, Sres. Presidente del Toro y Asociado Aldrey no intervinieron. (Véase el prefacio.)